By the Court:

Monell, J.
In the case between these parties, reported in 7 Robt., 413; S. C., 4 Abb., N. S., 140, no evidence had been given at the trial. The plaintiff obtained judgment on the pleadings, which the court decided contained sufficient undenied allegations to entitle the plaintiff to recover for use and occupation. The complaint in that case, after stating that Planer & Iieyser were tenants, and in possession of the two buildings, alleged that it was agreed that if the plaintiff would put an additional story thereon they would pay an additional rent therefor of one hundred and fifty dollars per annum. That such additional story was put on, and thereafter Planer & Ileyser assigned to the defendants all their right, title, and interest in the premises, including such additional story, which premises and additional story the defendants have since used and occupied, after having received a notice similar to the one proved in this case. The only denial in the answer was of the alleged assignment from Planer & Keyser to the defendants.
Upon the pleadings, the justice at the trial gave judgment for *79 the plaintiff, and the court, on appeal, held that the facts alleged were sufficient to create the relation of landlord and tenant by implication, and to lay the foundation for a recovery for use and occupation. The denial by the defendants of the assignment was regarded as neutralized and overcome by their admission of possession and occupancy of the premises, from which an assignment would be presumed.
Upon the trial now under review, the facts which are claimed to constitute a defense to the action were proved. The answer denied the occupancy as tenants of the plaintiff, and averred occupancy as tenants of Weil & Braunsdorf, who were alleged to be assignees of the lease. The lease and assignment were proved, and it was shown that the farol agreement, in respect to the additional or fourth story, was made with Planer & Keyser, the lessees, frior to the assignment to Weil & Braunsdorf, but of which agreement the assignees had no knowledge or notice at the time the assignment was delivered.
It appeared, therefore, that the defendants were not in possession as assignees of the lease, nor as tenants of the plaintiff, unless their occupancy as a copartnership firm made them such tenants, or they became so under the notice served upon them.
The evidence was, that the defendants rented the premises, including the fourth story, of the assignees of the lease. They thereby became the tenants of such assignees, and under-tenants of the premises. The legal relation of the parties is not affected or changed, by reason of the assignees being members of the co-partnership to which they rented. I cannot perceive any obj ection to the relation of landlord and tenant existing between an individual member and the firm of which he is a member. If, therefore, the defendants were tenants of Weil & Braunsdorf, the notice which was given to them by the plaintiff, and their occupancy afterward, would not create any relation of landlord and tenant between the plaintiff and themselves. They being tenants of Weil & Braunsdorf, had the right to refuse to recognize the plaintiff, and to disregard any notice he might give.
The additional or fourth story, erected upon the building *80 specified in the lease, became a part of the demised premises, and passed under the assignment of the term to the assignees. The parol promise, to pay additional rent for such story, was wholly independent of the lease, and formed no part of it. It did not pass by the assignment; nor did the assignees, by acceptance of the assignment, become in any manner liable upon it.
An assignee of a lease is liable upon all covenants that run with the land. He is not liable upon mere personal or collateral covenants. The agreement to construct the additional story was not a demise of such story. Upon its erection, it became a part of the premises originally demised, and was covered by the original lease. The additional rent, however, could be recovered upon the new promise, but not upon any of the covenants in the lease.
These propositions are all covered by the case of Hoby v. Roebuck & Palmer (7 Taunt., 157). Roebuck leased premises for a term of twenty-one years, and afterward took Palmer into partnership, for the purposes of which, the demised premises were used, but were not sufficiently large. They agreed b jpa/rol, that if the landlord would erect an additional story over the house, they would pay, during the residue of the term, an additional rent of ten per cent, on the cost. The building was erected, and after they had paid the increased rent for some years, Palmer, before the rent accrued for which the action was brought, quitted the partnership and the premises. It was claimed that the contract for an additional rent was a demise of the new buildings, and ought, according to the statute of frauds, to have been in writing. But Gibbs, O.J., thought otherwise, that whatsoever was built, instantly became pa/reel of the premises already demised; and that this was a collateral contract, to which Palmer, no less than Roebuck, was chargeable during the residue of the term. The court m lane held that the original lease still existed; the new contract was, therefore, no demise of the premises. Only the original rent could be distrained for, and this was merely a collateral agreement to pay so much more money during the residue of the term.
*81 It is clear that Planer & Keyser were liable on their agreement to pay the additional rent, and that such liability continued after the assignment of the lease. But it is equally clear, I think, that the additional structure, having become parcel of the premises already demised, passed by the assignment of the term, but did not carry with it any liability upon the parol agreement to pay. The assignees took the residue of the term, and had the right to use, occupy, and enjoy the whole premises (including the additional or fourth story), upon paying the rent reserved in the written lease.
As Planer & Keyser are liable only on their parol agreement, and as such liability does not attach to the assignees of the lease, or to those holding under them, the plaintiff has no remedy for the additional rent, except against Planer & Keyser, upon their promise. The defendants are not liable upon such promise, nor for use and occupation, nor upon any of the covenants in the original lease.
If the views I have expressed are correct, then it is immate^rial whether the assignees of the lease, or the defendants, had notice of the existence of the fourth story, or that it was one more story than was mentioned in the lease. It was parcel of the demised premises, and passed under the assignment; and no notice, that it was not included or mentioned in the lease, could charge the assignees upon the agreement to pay, or deprive them of the right to occupy and possess all the premises, under the covenants in the original lease.
For these reasons, I am of the opinion that the direction of the learned justice, in this case, was erroneous.
The judgment should be reversed, and a new trial ordered, with costs to the appellant, to abide the event.